ELISAVETA KONSTANTINOVNA DANILOVITCH, petitioner
(and a companion case [1]).

Norfolk.    December 3, 1947. — January 8, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, WILKINS, & SPALDING, JJ.

*Probate Court*, Deposit in custody of court, Decree.   *Identity*.

A power of attorney, purported to be executed by a next of kin of one who had died intestate in this Commonwealth and whose estate had been administered while such next of kin resided in parts unknown in a foreign country, notarized and authenticated by officials in such country and presented to a Probate Court as in support of a petition on behalf of such next of kin for withdrawal of funds which had been deposited in the name of the judge of probate under G. L. (Ter. Ed.) c. 206, § 27, did not as a matter of law require granting of such petition where it appeared that, although the administrator of the estate resided in the vicinity of the court, no effort had been made to get in touch with him; a decree dismissing the petition was ordered modified by adding that the dismissal was without prejudice to the petitioner's right to satisfy the court by additional evidence on a subsequent petition that the petitioner was the person entitled to the funds, and, as so modified was affirmed.

Two PETITIONS, filed in the Probate Court for the county of Norfolk on November 7, 1946.

The cases were heard by *Reynolds*, J.

*D. G. Romanow*, for the petitioners.

DOLAN, J.    These are two petitions for payment of deposits standing in the name of the judge of probate, in the first case for the benefit of Elizabeth Danilovich and in the second case for the benefit of "Cristina" Danilovich. The cases come before us on the appeal in each case from the decree entered by the judge dismissing the petition.

At the request of the appellants the judge made a report of material facts as follows: "On December 15, 1939, Warvara Revnoff and Annie Usinsky both of Stoughton in our county of Norfolk were appointed administrators of the estate of their deceased brother, Simon Danilovich, who

---

[1] The companion case is Hristina Konstantinovna Bobrizky, petitioner.

last dwelt in Stoughton. . . . The administrators alleged in their petition for administration that the decedent left as his heirs-at-law the administrators and two other sisters, Elizabeth Danilovich and Cristina Danilovich both of parts unknown in the country of Poland. On June 9, 1941, the administrators filed two petitions for leave to deposit sums of money in a savings bank for the benefit of their two sisters in Poland, for the reason that their residences were unknown to the administrators. On July 16, 1941, two bankbooks issued by the Dedham Institution for Savings were filed with the register of probate. The administrator's final account has been allowed. The two bankbooks on file show: (1) #76717 Dedham Institution for Savings in the name of 'Judge of Probate Norfolk County for benefit of Elizabeth Danilovich' $657.08; (2) #76718 Dedham Institution for Savings in the name of 'Judge of Probate Norfolk County for the benefit of Cristina Danilovich' $657.08. The amount of each account as of April 25, 1946, was $715.04. The petitioners herein presented two petitions to withdraw from deposit the aforesaid sums. The petitioners filed with the court what counsel contends is a power of attorney from the two heirs in Poland running to Charles Recht, attorney at law, with offices at 10 East 40th Street, New York, N. Y., and a substitute power of attorney from Recht to Dimitry G. Romanow, Esquire, of 6 Beacon Street, Boston, Massachusetts. The petitions herein are brought in the names of the missing heirs by 'Dimitry G. Romanow attorney-in-fact.' No testimony or other evidence was presented. No stenographer was requested or appointed. Not being satisfied with the identities of the persons nor with the powers of attorney, and not being satisfied with the right of the petitioners to receive the deposits, I dismissed both petitions on April 1, 1947."

In the power of attorney in question the petitioners recited in substance that they were residing at the village of "Podbereshty," and that they were sisters of Simon Danilovich and entitled to a distributive share of his estate "from the . . . administrator of . . . [his] estate . . . or from any other person . . . ." The power of attorney was executed

before the senior notary public of the "Grodno City State Notarial Office" and was apparently duly authenticated by Russian authorities, including the minister of justice and the chief of the consular department of the ministry for foreign affairs of the U. S. S. R. The notary certified that the power of attorney had been "executed by citizens Elisaveta Konstantinovna Danilovitch and Hristina Konstantinovna Bobrizky, residing in the village of Podbershty, Vershtovsky Village Council, Skidelsky District, Province of Grodno, whose identity, the authenticity of whose signature, as well as whose legal capacity and capability to execute the power of attorney I have ascertained." In each of the petitions for payment of the deposit it is recited that the petitioner is an heir of Simon Danilovich, late of Stoughton, and the facts concerning the deposit sought to be paid to her are set out. In each case the petition is signed and sworn to in the name of the petitioner by the substituted attorney in fact.

General Laws (Ter. Ed.) c. 206, § 27, provides as follows: "If an executor, administrator, guardian, conservator or trustee has money which he considers it advisable to deposit in a savings bank in the name of the judge of probate for the benefit of any person, he may apply to the probate court by which he was appointed for leave so to do, and the court may in its discretion, without notice, direct such money to be so deposited. When the deposit is made the deposit book of the bank shall be filed in said court. When the person entitled to such money satisfies the court of his right to receive it, the court shall by decree direct it to be transferred to him." The only question, therefore, is whether on the facts found by the judge the relief sought must be granted. Since the evidence before the judge was wholly documentary, we may reach our own conclusion as to this issue unaffected by the conclusion of the probate judge. However, we arrive at the same conclusion as that reached by him. The recitals in the power of attorney and in the petitions before us are but self-serving statements which, without more, do not entitle the petitioners to the relief presently sought. Although the intestate Simon was a

resident of Stoughton at the time of his death and the administratrices of his estate who made the deposits in question were two of the sisters of the intestate and were also residents of Stoughton when they were appointed as such administratrices and on July 16, 1941, when they made the deposits in question, all matters of record in the court below, no evidence was offered by the petitioners to show that they or their attorney in fact had made any effort to communicate with the administratrices of the estate of the intestate with a view to an identification of the petitioners as their sisters and the persons entitled to the deposits. In argument before us the substituted attorney in fact conceded that no effort had been made to get in touch with them. In these circumstances we are of opinion that the evidence before the judge was not sufficient to satisfy the burden of proof resting on the petitioners of establishing that they were entitled to payment of the deposits.

There is nothing in the record to sustain the assertions of the substitute attorney in fact in his brief that the judge "seems to take the position that the petitioners can never become entitled to receive their deposits, because they live in the Soviet Union." Nor is there any merit in his contention that the judge was bound to be satisfied by the recitals in the power of attorney without more. The petitioners, of course, upon sufficient proof of their identity as the persons for whose benefit the deposits were made, would become entitled to the relief they now seek, but not otherwise. This being so, we think that the decree entered by the judge in each case should be modified by inserting after the word "dismissed" in the last line of the decree the following: "but without prejudice to the right of the petitioner to satisfy the court by additional evidence in any subsequent petition she may bring for the payment of the deposit that she is the person entitled thereto." As so modified the decree entered by the judge in each case is

*Affirmed.*